Weygandt, C. J.
The facts in this case are simple and stipulated.
The source of the entire controversy is the single and controlling fact that in the caption of the ballot appeared the words, “If levy passes, there will be no city income tax in 1955 or 1956.”
Was the insertion of this language without authority in law and did it invalidate the election?
At the threshold of this discussion it is important to note the agreement of counsel that there is no provision of either a statute or the Cincinnati charter authorizing the insertion of such language.
However, the contestee city insists that there is no prohibition against the insertion of additional information in the caption of a ballot. Reference is made to Section 3505.06, Revised Code, which provides that such a ballot shall contain a brief title descriptive of the question or issue to which it pertains together with a brief statement of the percentage of affirmative votes necessary for passage. The contention of the contestee is conclusively answered by the following cogent reasoning of the triál court:
“The charter of the city of Cincinnati and the election laws of the state of Ohio above quoted make no provision for inclusion in a ballot for the submission of an additional tax levy, dicta, in the nature *475 of a persuasive argument in favor of or against the issue of such additional levy. The form circumscribed by law is imperative and mandatory and is clearly calculated and intended for the protection of the citizen in exercising his voting franchise. To enlarge upon the limitations imposed by law would tend to injuriously affect his rights. If argumentation, promises, misrepresentations or coercive statements should be permitted on the face of the ballot, one could not predict the limits of such practice and the confusion which may ensue. Certainly if the proponent of such issue be permitted to introduce such material, the opponent should have the same privilege.
“The inclusion of the so-styled parenthetical phrase, ‘If tax levy is passed, there will be no city income tax in 1955 or 1956,’ well intended as it may have been, is beyond the authority of city council to make. One of the sovereign powers of the city council is to levy taxes for the purpose of raising the necessary funds to operate the city government. The council, by making the promise not to levy an income tax in 1955 or 1956, was acting beyond the scope of its authority. Such promise is not binding upon the city for, as a matter of law and should the necessity arise, council could lawfully pass an income tax, notwithstanding the promise contained in this ballot.
“Under existing law, no material may be engrossed in a ballot on the issue of an additional tax levy which is not specifically authorized by law.
“Every reasonable intendment should be indulged in favor of the validity of an election and against holding it void. The courts have rather liberally interpreted the laws pertaining to the election of public officials where such election was not attended by fraud or misrepresentation. Trivial nonconformances with the statutes have been overlooked where the purpose *476 of the ballot enabled the voters to clearly reflect their choice of candidates. They will not indulge such liberality of construction of ballots containing unauthorized statements or misrepresentations where bond issues or tax levies are the subject of the ballot. In the latter instance the form of the ballot and all procedural steps are conditions precedent to the validity of the election. The failure to attend the submission of the issue with such procedure is fatal. * * *
“The city in this instance advances the proposition that the contestors herein, having failed to challenge the ballot prior to the election are deemed, as a matter of law, to be estopped from filing this contest. In other words, it is claimed that the action comes belatedly and therefore should not be entertained by the court.
“With this we do not agree. The court concludes the violative procedure in this instance is of such substantial nature as to void the results of the election. It is a matter of common knowledge that the majority of electors are not property holders and therefore undoubtedly were persuaded by the unauthorized phrase at issue.”
This court is unanimously of the opinion that the judgment of the trial court clearly is correct and must be affirmed.

Judgment affirmed.

Matthias, Hart, Zimmerman, Stewart, Bell and Taet, JJ., concur.